UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CESAR TERAN-SANCHEZ,

*Plaintiff*,

v.

STREAM REALTY PARTNERS, L.P.,

*Defendant*.

No. 23-cv-3189 (DLF)

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cesar Teran-Sanchez brings this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., alleging race- and sex-based discrimination and retaliation by his former employer, Stream Realty Partners, L.P. Compl., Dkt. 1. Before the Court is the defendant's motion to dismiss Teran-Sanchez's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt. 8. For the reasons that follow, the Court will grant the motion and dismiss the complaint without prejudice.

I.  **BACKGROUND**[1]

Cesar Teran-Sanchez is a homosexual Latino male formerly employed by Stream Realty, a commercial real estate services company, as a building technician. Compl. ¶¶ 1–2. Teran-Sanchez commenced his employment with Stream Realty in 2018 in their Dallas, Texas office. *Id*. ¶ 6. In 2022, Teran-Sanchez was transferred to Stream Realty's Washington, D.C. office. *Id*. ¶ 9.

---

[1] Because this order resolves a motion to dismiss, these background facts are drawn from the complaint. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court accepts the well-pleaded factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Arencibia v. 2401 Rest. Corp.*, 699 F. Supp. 2d 318, 323 (D.D.C. 2010).

Teran-Sanchez alleges that, following his transfer to Washington, D.C., he "began to experience significant discrimination at Stream Realty[.]" *Id.* ¶ 11. Namely, he "regularly heard his coworkers use derogatory slurs" and make statements like "gay people should not exist." *Id.* ¶¶ 12–13. He also heard his supervisors make "racist comments about employees of color[.]" *Id.* ¶ 14. At some point, Teran-Sanchez brought his concerns of discriminatory treatment to Stream Realty's Human Resources Department ("HR"). *Id.* ¶ 17. Teran-Sanchez claims that his "experience[] worsened after he made his HR complaint, to include threats and intimidation from his supervisor," and that his employment was eventually terminated by constructive discharge. *Id.* ¶¶ 19–21.

Teran-Sanchez claims that he suffered race- and sex-based discrimination and retaliation in violation of Title VII of the Civil Rights Act. *Id.* ¶¶ 22–41. He seeks compensatory and punitive damages, among other relief. *Id.* ¶¶ 42–44. In response, Stream Realty filed the instant motion to dismiss for failure to state a claim. Dkt. 8.

II.     **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

level[.]"). A complaint need not contain "detailed factual allegations," but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

When deciding a Rule 12(b)(6) motion, well-pleaded factual allegations are "entitled to [an] assumption of truth," *Iqbal*, 556 U.S. at 679, and the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). But the Court need not accept "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts alleged in the pleadings. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III.   ANALYSIS

The complaint alleges three claims under Title VII: discrimination on the basis of race, discrimination on the basis of sex, and retaliation. For the reasons that follow, the complaint fails to state any of these claims. The Court will thus dismiss the complaint.

To state a claim for Title VII discrimination, a complaint must allege facts that, if true, would establish that "(1) [the claimant] is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007). To state a claim for

retaliation, "a plaintiff must plausibly allege that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse action by her employer, and (3) the two are causally connected." *Spence v. Dep't of Veterans Affairs*, 109 F.4th 531 (D.C. Cir. 2024) (alteration and internal quotation marks omitted). An adverse employment action is a disadvantageous, but not necessarily significant or substantial, change to a term, condition, or privilege of employment. *Mudrow v. City of St. Louis*, 601 U.S. 346, 355 (2024); *see generally Chambers v. District of Columbia*, 35 F.4th 870 (D.C. Cir. 2022).

To meet the adverse action requirement of both his discrimination and retaliation claims, Teran-Sanchez alleges that he was constructively discharged from his employment with Stream Realty. Compl. ¶ 21. The doctrine of constructive discharge permits an employee who resigned from their employment to "demonstrate she suffered an adverse employment action by showing the resignation or retirement was, in fact, not voluntary." *Aliotta v. Bair*, 614 F.3d 556, 566 (D.C. Cir. 2010). The inquiry for constructive discharge is an objective one: the complainant must show that "working conditions [had] become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004). In the context of a Title VII action, that requires a finding of discrimination and the existence of aggravating factors that would force a reasonable employee to leave. *See Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1558 (D.C. Cir. 1997).

Here, the complaint does not plausibly allege that the plaintiff was constructively discharged. The plaintiff alleges that he was privy to an unspecified number of racist and homophobic comments made by his coworkers and his supervisors. Compl. ¶¶ 12–14. However, "[t]he D.C. Circuit has repeatedly emphasized that casual or isolated manifestations of a discriminatory environment, such as a few ethnic or racial slurs," are not sufficiently severe or

4

pervasive to establish the existence of a hostile work environment. *Goode v. Billington*, 932 F. Supp. 2d 75, 89 (D.D.C. 2013) (internal quotation marks omitted); *see also Slate v. Pub. Def. Serv. for D.C.*, 31 F. Supp. 3d 277, 295–96 (collecting cases). As repugnant as these allegations are, they do not render plausible the existence of such intolerable conditions that a reasonable employee would have felt compelled to resign. *See Pa. State Police*, 542 U.S. at 141.

The complaint itself otherwise presents only vague and conclusory allegations to support the notion that the plaintiff was constructively discharged. For instance, the complaint alleges that the plaintiff's "experience[] worsened after he made his HR complaint, to include threats and intimidation from his supervisor," but it does not specify the nature or frequency of such threats. Compl. ¶ 19. The complaint also states that "[b]y October 2022, the discrimination and hostile work environment Mr. Teran-Sanchez was experiencing became so pervasive, severe, and intolerable, that it [sic] no reasonable employee could continue to work there." Compl. ¶ 20. Bald, conclusory allegations are insufficient to support a claim, *see Iqbal*, 556 U.S. at 678–79, and in deciding a motion to dismiss, a court cannot consider facts not alleged in the complaint, *cf. Pappas v. District of Columbia*, 513 F. Supp. 3d 64, 80 n.5 (D.D.C. 2021) (rejecting the plaintiff's attempt to introduce new facts in later-filed briefs). Because the plaintiff has failed to adequately plead that he was constructively discharged and thus subject to an adverse employment action, his discrimination and retaliation claims under Title VII will be dismissed under Rule 12(b)(6).

Accordingly, it is

**ORDERED** that the motion to dismiss is **GRANTED**, and the complaint is dismissed without prejudice under Rule 12(b)(6) for failure to state a claim; it is further

**ORDERED** that the plaintiff may file an amended complaint within thirty days of this order.

*[signature]*
DABNEY L. FRIEDRICH
United States District Judge

September 17, 2024