**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CESAR TERAN-SANCHEZ,

     *Plaintiff*,

    v.

STREAM REALTY PARTNERS,

     *Defendant*.

Civil Action No. 23-03189 (AHA)

**<u>Memorandum Opinion</u>**

Cesar Teran-Sanchez sues his former employer, Stream Realty Partners, and appears to assert claims of race and sexual orientation discrimination, hostile work environment, retaliation, and breach of confidentiality. Teran-Sanchez asks for damages and reinstatement. Stream Realty moves to dismiss the amended complaint, arguing the claims are untimely and that Teran-Sanchez fails to state a claim. For the reasons below, the court grants the motion.

## I.    Background[1]

Teran-Sanchez worked at Stream Realty from December 2018 until October 2022. ECF No. 22 at 9. The amended complaint appears to focus on two incidents at the company. First, in February 2022, Teran-Sanchez asked a human resources manager about the company's policy on payouts for vacation days upon resignation, and the manager forwarded the question to a company director, who then asked Teran-Sanchez about his career plans. *See id.* at 10, 15. Second, in April 2022, Teran-Sanchez expressed interest in relocating from Dallas to Chicago, but was convinced

---

[1]  As required at this stage, the court accepts the amended complaint's well-pled factual allegations as true and draws all reasonable inferences in Teran-Sanchez's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

to transfer to Washington, D.C. instead, partly due to promises of financial assistance for the relocation. *Id.* at 9–11. Teran-Sanchez signed an official transfer agreement, which scheduled him to start in D.C. in May 2022. *Id.* at 11. He traveled to D.C. around that time but never received any reimbursements for travel or temporary housing. *Id*. Teran-Sanchez also alleges he was excluded from work events, that he was not provided the necessary resources for his job, and that when he raised concerns, he was ignored. *Id.* at 6, 16–18.

Teran-Sanchez sued Stream Realty, asserting race and sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. ECF No. 1. Stream Realty moved to dismiss the complaint, and the court dismissed the complaint without prejudice. ECF No. 12.[2] Teran-Sanchez amended his complaint, reasserting his discrimination and retaliation claims, and adding claims for hostile work environment and breach of confidentiality. ECF No. 22. Stream Realty moves to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 24.

## II.    Discussion

The court concludes the amended complaint fails to plausibly allege any claim. To survive dismissal for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in

---

[2]    This case was initially assigned to the Honorable Dabney L. Friedrich, who granted Stream Realty's motion to dismiss, and was reassigned to the Honorable Amir H. Ali on November 27, 2024.

the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The amended complaint does not plausibly allege claims of discrimination, hostile work environment, or retaliation under Title VII. To state a claim of discrimination under Title VII, a plaintiff must plausibly allege he suffered an adverse employment action because of a protected trait. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Although Teran-Sanchez describes general workplace difficulties like an uncompensated location transfer, being excluded from work events, not being provided necessary resources, and having his concerns ignored, he does not allege facts suggesting that these actions were taken because of his protected traits, namely his race or sexual orientation. *See* ECF No. 22 at 9–11, 16–18. At most, he alleges that one co-worker made "[r]acial & homophobic remarks," but this single, vague allegation is insufficient to support a reasonable inference of discrimination. *Id.* at 6; *see King v. Pierce Assocs., Inc.*, 601 F. Supp. 2d 245, 249 (D.D.C. 2009) ("[S]parse and vague allegations are insufficient to state a

3

claim for discrimination under Title VII."). Similarly, because he does not allege his workplace difficulties were due to his protected traits and does not allege "discriminatory intimidation, ridicule, and insult" that is "severe or pervasive," Teran-Sanchez does not state a hostile work environment claim. *Baloch*, 550 F.3d at 1201 (citation omitted); *see also King*, 601 F. Supp. 2d at 248 (concluding that a single instance of discrimination does not state a claim of hostile work environment). Additionally, the amended complaint does not allege any of the elements of a retaliation claim, which requires that the plaintiff "opposed a practice made unlawful by Title VII," and suffered a "materially adverse action" as a result. *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). Thus, the amended complaint does not plausibly allege any claim under Title VII.[3]

Teran-Sanchez's "breach of confidentiality" claim must also be dismissed. According to Teran-Sanchez, Stream Realty's human resources manager breached a duty of confidentiality by revealing that Teran-Sanchez had asked about the company's vacation payout policy. ECF No. 22 at 10, 12. But Teran-Sanchez does not identify any legal duty of confidentiality in that context, and he does not identify a cause of action for breach of such a duty.[4]

---

[3]   To the extent Teran-Sanchez asserts his claims under 42 U.S.C. § 1981 or the D.C. Human Rights Act, he fails to state a claim for the same reasons. *See Ruifang Hu v. K4 Solutions, Inc.*, No. 18-cv-1240, 2020 WL 1189297, at \*5 (D.D.C. Mar. 12, 2020) ("Title VII, DCHRA, and § 1981 discrimination and retaliation claims are analyzed under the same legal standard.").

[4]   It is not clear whether Teran-Sanchez also asserts a promissory estoppel claim, but, if he does, the court must dismiss it too. Teran-Sanchez alleges that Stream Realty broke a promise to provide relocation assistance for his transfer to D.C., but also that he signed an "official transfer agreement on April 19, 2022." ECF No. 22 at 11. The existence of an express contract generally forecloses a theory of promissory estoppel. *See Plesha v. Ferguson*, 725 F. Supp. 2d 106, 112 (D.D.C. 2010) (recognizing that because promissory estoppel assumes "an express, enforceable contract is absent, District of Columbia courts generally prohibit litigants from asserting these claims when there is an express contract that governs the parties' conduct" (citing *Vila v. Inter-Am. Inv., Corp.*, 570 F.3d 274, 279 (D.C. Cir. 2009))).

## III.    Conclusion

For these reasons, the court grants the motion to dismiss and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date:   May 26, 2026

---

Although the amended complaint mentions the Texas Labor Code, Teran-Sanchez does not assert any basis for relief under it.