APPEAL,CLOSED,JURY,MEDIATION,STAYED,TYPE−H

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:23−cv−03189−AHA</u>

TERAN−SANCHEZ v. STREAM REALTY PARTNERS
Assigned to: Judge Amir H. Ali
Cause: 42:2003 Job Discrimination

Date Filed: 10/25/2023
Date Terminated: 06/02/2026
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**CESAR TERAN−SANCHEZ**                represented by   **CESAR TERAN−SANCHEZ**
1007 W 1st St.
Apt. 128
Tempe, AZ 85281
PRO SE

**Arthur Allen Elkins , Jr.**
DC FEDERAL EMPLOYMENT
LAWYER PLLC
1629 K Street, N.W.
Suite 300
Washington, DC 20006
202−276−9538
Fax: 202−780−1578
Email: <u>arthur@dcfederalemploymentlawyer.com</u>
*TERMINATED: 02/10/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald Quinn , Jr**
QUINN PATTON, LC
838 Ritchie Highway
Suite 4
Severna Park, MD 21146
443−247−5444
Fax: 202−478−1632
Email: <u>donquinn@quinnpatton.com</u>
*TERMINATED: 11/19/2024*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**STREAM REALTY PARTNERS**                represented by   **Jason Alexander Ross**
JACKSON LEWIS, P.C.
11790 Sunrise Valley Drive
Ste 400

1

Reston, VA 20191
703−483−8334
Fax: 703−483−8301
Email: jason.ross@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyssa Colvin**
JACKSON LEWIS, P.C.
11790 Sunrise Valley Drive
Ste 400
Reston, VA 20191
703−483−8300
Email: Alyssa.Colvin@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/25/2023 | 1 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 402 receipt number ADCDC−10444643) filed by CESAR TERAN−SANCHEZ. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons Summons)(Quinn, Donald) (Entered: 10/25/2023) |
| 10/25/2023 | | Case Assigned to Judge Dabney L. Friedrich. (zdp) (Entered: 10/25/2023) |
| 10/25/2023 | | NOTICE OF ERROR re 1 Complaint; emailed to donquinn@thequinnlawgroup.com, cc'd 0 associated attorneys −− The PDF file you docketed contained errors: 1. Incorrect coversheet. Please use the cover sheet at https://www.dcd.uscourts.gov/new−case−forms & file using the event Civil Cover Sheet., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zdp, ) (Entered: 10/25/2023) |
| 10/25/2023 | 2 | CIVIL COVER SHEET by CESAR TERAN−SANCHEZ filed by CESAR TERAN−SANCHEZ.(Quinn, Donald) (Main Document 2 replaced on 10/25/2023) (zdp). (Entered: 10/25/2023) |
| 10/25/2023 | 3 | SUMMONS (1) Issued Electronically as to STREAM REALTY PARTNERS. (Attachments: # 1 Notice and Consent)(zdp) (Entered: 10/25/2023) |
| 10/30/2023 | 4 | STANDARD ORDER. See text for details. Signed by Judge Dabney L. Friedrich on October 30, 2023. (lcdlf3) (Entered: 10/30/2023) |
| 10/31/2023 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STREAM REALTY PARTNERS served on 10/31/2023, answer due 11/21/2023 (Quinn, Donald) (Entered: 10/31/2023) |
| 11/16/2023 | 6 | Consent MOTION for Extension of Time to File Answer re 1 Complaint by STREAM REALTY PARTNERS. (Attachments: # 1 Text of Proposed Order)(Ross, Jason) (Entered: 11/16/2023) |
| 11/16/2023 | 7 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by STREAM REALTY PARTNERS (Ross, Jason) (Entered: 11/16/2023) |
| 11/17/2023 | | MINUTE ORDER. The defendant's 6 Consent Motion for an Extension of Time to Respond to the Complaint is GRANTED. The defendant shall answer or otherwise |

| | | |
|---|---|---|
| | | respond on or before December 21, 2023. So Ordered by Judge Dabney L. Friedrich on November 17, 2023. (lcdlf3) (Entered: 11/17/2023) |
| 12/21/2023 | 8 | MOTION to Dismiss *Plaintiff's Complaint* by STREAM REALTY PARTNERS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Ross, Jason) (Entered: 12/21/2023) |
| 12/21/2023 | 9 | NOTICE of Appearance by Alyssa Testo on behalf of STREAM REALTY PARTNERS (Testo, Alyssa) (Entered: 12/21/2023) |
| 01/04/2024 | 10 | Memorandum in opposition to re 8 Motion to Dismiss filed by CESAR TERAN−SANCHEZ. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Quinn, Donald) (Entered: 01/04/2024) |
| 01/11/2024 | 11 | REPLY to opposition to motion re 8 MOTION to Dismiss *Plaintiff's Complaint* filed by STREAM REALTY PARTNERS. (Ross, Jason) (Entered: 01/11/2024) |
| 09/17/2024 | 12 | MEMORANDUM OPINION AND ORDER. The defendant's 8 Motion to Dismiss is GRANTED and the plaintiff's complaint is dismissed without prejudice. The plaintiff may file an amended complaint within thirty days of this order. See text for details. Signed by Judge Dabney L. Friedrich on September 17, 2024. (lcdlf2) (Entered: 09/17/2024) |
| 10/18/2024 | 13 | MOTION for Extension of Time to File Response by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit, # 2 Exhibit)(mg) (Entered: 10/23/2024) |
| 10/23/2024 | | MINUTE ORDER granting the plaintiff's 13 Motion for Extension of Time. The plaintiff shall file an amended complaint on or before November 22, 2024. The Clerk of Court is directed to mail a copy of this Minute Order to the plaintiffs address of record. So Ordered by Judge Dabney L. Friedrich on October 23, 2024 (lcdlf3) (Entered: 10/23/2024) |
| 10/29/2024 | 14 | MOTION to Withdraw as Attorney to CESAR TERAN−SANCHEZ. (Quinn, Donald) Modified relief on 11/19/2024 (mg). (Entered: 10/29/2024) |
| 11/14/2024 | 15 | NOTICE to Proceed Pro Se by CESAR TERAN−SANCHEZ (mg) (Entered: 11/19/2024) |
| 11/19/2024 | | MINUTE ORDER. Upon consideration of plaintiff counsel's 14 Motion to Withdraw as Attorney and the defendant's 15 Notice to Proceed Pro Se, it is ORDERED that the motion is GRANTED. The plaintiff shall file his amended complaint on or before December 6, 2024. As a pro se litigant, the defendant is required to comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia. Assistance for pro se litigants is available at https://www.dcd.uscourts.gov/pro−se−help. The Clerk of Court is directed to mail a copy of this Minute Order to the plaintiffs address of record. So Ordered by Judge Dabney L. Friedrich on November 19, 2024. (lcdlf3) (Entered: 11/19/2024) |
| 11/20/2024 | | Set/Reset Deadlines: Amended Pleadings due by 12/6/2024. (smc) (Entered: 11/20/2024) |
| 11/20/2024 | 16 | MOTION to Appoint Counsel by CESAR TERAN−SANCHEZ. (mg) (Entered: 11/22/2024) |
| 11/25/2024 | | MINUTE ORDER. Upon consideration of the plaintiff's 16 Motion to Appoint Counsel, it is hereby ORDERED that the motion is DENIED WITHOUT |

3

| | | |
|---|---|---|
| | | PREJUDICE. An individual does not have a constitutional right to counsel in a civil proceeding. See Turner v. Rogers, 564 U.S. 431, 441 (2011) (noting that "the Sixth Amendment does not govern civil cases"). Local Civil Rule 83.11(b)(3) sets out the factors to consider in the appointment of counsel in civil cases: "(i) nature and complexity of the action; (ii) potential merit of the pro se partys claims; (iii) demonstrated inability of the pro se party to retain counsel by other means; and (iv) degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel." Although the plaintiff has made general statements that he conducted research and contact[ed] all agencies in DC, he has not provided any specific details about the efforts he has undertaken to secure counsel on his own. See 16 Motion. And at least at this early stage of these proceedings, the Court is not convinced that the nature or complexity of this action warrants appointment of counsel and is unable to fully evaluate the potential merit of the plaintiff's claims. Accordingly, appointment of counsel is not appropriate at this time. The Clerk of Court is directed to mail a copy of this Minute Order to the plaintiff's address of record. So Ordered by Judge Dabney L. Friedrich on November 25, 2024. (lcdlf3) (Entered: 11/25/2024) |
| 11/27/2024 | | Case directly reassigned to Judge Amir H. Ali. Judge Dabney L. Friedrich is no longer assigned to the case. (ztnr) (Entered: 11/27/2024) |
| 12/09/2024 | 17 | MOTION for Extension of Time by CESAR TERAN−SANCHEZ. (znmw) (Entered: 12/11/2024) |
| 12/09/2024 | 18 | NOTICE OF Exhibits by CESAR TERAN−SANCHEZ re 17 Motion for Extension of Time (mg) (Entered: 12/12/2024) |
| 12/16/2024 | 19 | Letter from Plaintiff. "LEAVE TO FILE GRANTED. DOCUMENT SHALL BE FILED AS A LETTER." Signed by Judge Amir H. Ali on 12/16/2024. (mg) (Entered: 12/16/2024) |
| 12/16/2024 | | MINUTE ORDER: Plaintiff's motion for extension of time to file an amended complaint 17 is granted. Plaintiff shall file his amended complaint by no later than February 14, 2025. The Court cautions Plaintiff that future requests to extend this deadline will be viewed with disfavor, and if Plaintiff fails to timely comply with this order, this action may be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); D.C. LCvR 83.23. Signed by Judge Amir H. Ali on 12/16/24. (lcaha3) (Entered: 12/16/2024) |
| 02/05/2025 | 20 | STANDING ORDER. The parties are ordered to comply with the directives set forth in the attached standing order. See document for details. This order supersedes any prior standing order applicable to this case and governs this case going forward. The parties need not refile any previously filed pleading or document with the Court based on the issuance of this standing order. Signed by Judge Amir H. Ali on 2/5/2025. (lcaha3) (Entered: 02/05/2025) |
| 02/15/2025 | 21 | AMENDED COMPLAINT against STREAM REALTY PARTNERS with Jury Demand filed by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit)(mg) (Entered: 02/19/2025) |
| 02/17/2025 | 22 | ERRATA by CESAR TERAN−SANCHEZ re 21 Amended Complaint. (mg) (Entered: 02/19/2025) |
| 02/17/2025 | 23 | MOTION to Clarify re 21 Amended Complaint by CESAR TERAN−SANCHEZ. (mg) (Entered: 02/19/2025) |

4

| 02/27/2025 | | MINUTE ORDER. The Court is in receipt of Plaintiff's 23 motion to clarify. Plaintiff asks the Court to confirm whether he needs to take additional action to serve his amended complaint on Defendant beyond filing it electronically. However, the Court cannot provide pro se litigants with legal advice. *See Sai v. Transp. Sec. Admin.*, No. CV 14−403, 2015 WL 13889866, at *3 (D.D.C. Aug. 19, 2015). Accordingly, Plaintiff's 23 motion to clarify is denied. General assistance for pro se litigants is available at https://www.dcd.uscourts.gov/pro−se−help. Signed by Judge Amir H. Ali on 2/27/2025. (lcaha3) (Entered: 02/27/2025) |
|---|---|---|
| 03/05/2025 | 24 | MOTION to Dismiss *Plaintiff's Amended Complaint* by STREAM REALTY PARTNERS. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Ross, Jason) (Entered: 03/05/2025) |
| 03/13/2025 | 25 | RESPONSE re 24 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit)(mg) (Entered: 03/17/2025) |
| 03/24/2025 | 26 | REPLY to opposition to motion re 24 Motion to Dismiss *Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint* filed by STREAM REALTY PARTNERS. (Ross, Jason) (Entered: 03/24/2025) |
| 04/01/2025 | 27 | SUPPLEMENTAL MEMORANDUM to re 25 Response to motion filed by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit)(mg) (Entered: 04/04/2025) |
| 04/17/2025 | 28 | Mail Returned as Undeliverable; Sent to Cesar Teran−Sanchez; Type of Document Returned: 20 Standing Order. New Address: Unknown; Unable to Forward. (zalh) (Entered: 04/17/2025) |
| 04/18/2025 | 29 | NOTICE of Change of Address by CESAR TERAN−SANCHEZ (mg) (Entered: 04/21/2025) |
| 10/06/2025 | | MINUTE ORDER. The Court has identified this case as one that may benefit from referral to mediation or to a magistrate judge for all purposes. Accordingly, by October 15, 2025, the parties shall file a joint status report addressing:(1) The parties' positions on referral of this case to the Court's Mediation Program and, to the extent any party opposes mediation, showing cause why. *See* Local Civ. R. 84.4(a)(2). The parties are reminded that counsel can be appointed for mediation purposes.(2) Whether all parties consent to referral of this case to a magistrate judge for all purposes under 28 U.S.C. § 636(c)(1). In such event, any final order by the magistrate judge would be appealable directly to the United States Court of Appeals like any other judgment of this Court. Adjudication by a magistrate judge may result in the case being resolved more quickly. Any party is free to withhold consent without adverse substantive consequences. The parties' status report shall simply inform the Court whether all parties consent; it need not provide an explanation for their position and it shall not reveal the name of any party that withholds consent. Signed by Judge Amir H. Ali on 10/6/2025. (lcaha3) (Entered: 10/06/2025) |
| 10/15/2025 | 30 | ENTERED IN ERROR.....Joint STATUS REPORT by STREAM REALTY PARTNERS. (Schneider, Jeremy) Modified on 10/15/2025, pursuant to Counsel (mg). (Entered: 10/15/2025) |
| 10/15/2025 | 31 | Joint STATUS REPORT *[CORRECTED] JOINT STATUS REPORT* by STREAM REALTY PARTNERS. (Ross, Jason) (Entered: 10/15/2025) |
| 10/15/2025 | | VACATED PURSUANT TO MINUTE ORDER FILED ON 02/12/2026.....MINUTE ORDER. The parties have jointly advised the Court that they consent to referral of this |

5

| | | |
|---|---|---|
| | | case to the Court's Mediation Program. This case is accordingly referred to the Court's Mediation Program. The parties would benefit from a mediator with experience mediating employment discrimination disputes. Counsel shall be appointed to represent Plaintiff for the limited purpose of mediation. The parties shall file a joint status report updating the Court on the status of mediation and, if necessary, proposing a schedule for further proceedings by December 1, 2025. Signed by Judge Amir H. Ali on 10/15/2025. (lcaha3) Modified on 2/13/2026. (zalh) (Entered: 10/15/2025) |
| 12/01/2025 | 32 | STATUS REPORT by STREAM REALTY PARTNERS. (Attachments: # 1 Exhibit Exhibit 1)(Ross, Jason) (Entered: 12/01/2025) |
| 12/01/2025 | | VACATED PURSUANT TO MINUTE ORDER FILED ON 12/17/2025.....MINUTE ORDER. The court is in receipt of Defendant's 32 status report. The parties shall file their next joint status report by December 31, 2025. Signed by Judge Amir H. Ali on 12/01/2025. (lcaha3) Modified on 12/22/2025. (zalh) (Entered: 12/01/2025) |
| 12/01/2025 | 33 | MOTION for Order, MOTION for Protective Order by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit)(mg) (Entered: 12/04/2025) |
| 12/04/2025 | | MINUTE ORDER. The court is in receipt of Plaintiff's 33 motion for court intervention to address interference and privacy violations and request for protection order. Defendant shall file any response to Plaintiff's motion by December 11, 2025. Signed by Judge Amir H. Ali on 12/04/2025. (lcaha3) (Entered: 12/04/2025) |
| 12/04/2025 | 34 | MOTION for Order by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit)(mg) (Entered: 12/08/2025) |
| 12/11/2025 | 35 | RESPONSE re 33 MOTION for Order MOTION for Protective Order filed by STREAM REALTY PARTNERS. (Ross, Jason) (Entered: 12/11/2025) |
| 12/17/2025 | | MINUTE ORDER. In Plaintiff's 33 motion for court intervention to address interference and privacy violations and request for protection order, Plaintiff states that Defendant is interfering with his communications, personal devices, and privacy. In Defendant's 35 response, Defendant states that it is not interfering with Plaintiff's communications, personal devices, or privacy, and there is no basis to conclude that it is. Accordingly, Defendant's 33 motion is denied.<br><br>In Plaintiff's 34 motion to request court assistance in obtaining missing documents, Plaintiff states that he has experienced significant challenges in accessing and obtaining copies of case documents. Orders issued by the court are mailed to Plaintiff at his address of record, and Defendant is required to serve Plaintiff with documents it files as provided in Federal Rule of Civil Procedure 5(b) because Plaintiff is proceeding pro se. *See* Local Civ. R. 5.4(d)(1). Plaintiff's 34 motion is therefore denied. Nevertheless, Defendant shall provide Plaintiff with a copy of its 32 status report and any documents that were not previously served on Plaintiff as provided in Federal Rule of Civil Procedure 5(b). The Clerk of Court is directed to re−send the 20 standing order and the court's February 27, 2025; October 6, 2025; October 15, 2025; December 1, 2025; and December 4, 2025, minute orders as a one−time courtesy. Signed by Judge Amir H. Ali on 12/17/2025. (lcaha3) (Entered: 12/17/2025) |
| 12/17/2025 | | MINUTE ORDER. The court's December 1, 2025, minute order is vacated. The parties are no longer required to file a joint status report by December 31, 2025. Signed by Judge Amir H. Ali on 12/17/2025. (lcaha3) (Entered: 12/17/2025) |
| 12/17/2025 | | |

6

| | | |
|---|---|---|
| | | MINUTE ORDER. Plaintiff shall file a status report by December 23, 2025. The status report shall address (1) whether Plaintiff is still interested in participating in the Court's Mediation Program; (2) whether Plaintiff is still interested in appointment of pro bono counsel to represent him for the limited purpose of mediation; and (3) if Plaintiff remains interested in appointment of pro bono counsel to represent him for the limited purpose of mediation, confirmation that Plaintiff will schedule and participate in calls and other communications as necessary for counsel to represent him. Plaintiff's alleged personal technical difficulties will not be accepted as an excuse for lack of participation. Absent Plaintiff's assurance that he will actively participate in an attorney−client relationship with pro bono counsel, the court will proceed without mediation, and the court will no longer seek appointment of pro bono counsel to represent Plaintiff for mediation purposes. Signed by Judge Amir H. Ali on 12/17/2025. (lcaha3) (Entered: 12/17/2025) |
| 12/23/2025 | 36 | STATUS REPORT by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit)(mg) (Entered: 01/02/2026) |
| 01/02/2026 | | MINUTE ORDER. The court is in receipt of Plaintiff's 36 status report. The report indicates that Plaintiff remains interested in participating in the Court's Mediation Program and in appointment of pro bono counsel to represent him for the limited purpose of mediation and is committed to participating in mediation and communicating with counsel. Accordingly, this case remains referred to the Court's Mediation Program. The parties shall file a joint status report updating the court on the status of mediation and, if necessary, proposing a schedule for further proceedings by February 2, 2026. Signed by Judge Amir H. Ali on 1/2/2026. (lcaha3) (Entered: 01/02/2026) |
| 01/15/2026 | | MINUTE ORDER. In light of the parties' joint request for a referral to the Court's Mediation Program, this case is stayed pending further order of the court. Signed by Judge Amir H. Ali on 01/15/2026. (lcaha3) (Entered: 01/15/2026) |
| 01/22/2026 | 37 | NOTICE of Appearance− Pro Bono by Arthur Allen Elkins, Jr on behalf of CESAR TERAN−SANCHEZ (Elkins, Arthur) (Entered: 01/22/2026) |
| 02/02/2026 | 38 | Joint STATUS REPORT by STREAM REALTY PARTNERS. (Ross, Jason) (Entered: 02/02/2026) |
| 02/02/2026 | | MINUTE ORDER. The court is in receipt of the parties' 38 joint status report. The parties shall file another joint status report by March 19, 2026. Signed by Judge Amir H. Ali on 02/02/2026. (lcaha3) (Entered: 02/02/2026) |
| 02/10/2026 | 39 | MOTION to Withdraw as Attorney by CESAR TERAN−SANCHEZ. (Attachments: # 1 Exhibit Client Notice Pre File)(Elkins, Arthur) (Entered: 02/10/2026) |
| 02/10/2026 | | MINUTE ORDER. Plaintiff's 39 motion to withdraw the appearance of attorney Arthur Allen Elkins, Jr. is granted. Arthur Allen Elkins, Jr. is hereby terminated as counsel for Plaintiff. Signed by Judge Amir H. Ali on 02/10/2026. (lcaha3) (Entered: 02/10/2026) |
| 02/12/2026 | | MINUTE ORDER. The court vacates its referral to the Court's Mediation Program. The case remains stayed pending further order of the court. Signed by Judge Amir H. Ali on 02/12/2026. (lcaha3) (Entered: 02/12/2026) |
| 02/15/2026 | 40 | MOTION for Hearing by CESAR TERAN−SANCHEZ. (mg) (Entered: 02/19/2026) |
| 03/31/2026 | 41 | |

7

| | | |
|---|---|---|
| | | NOTICE OF RELATED CASE by CESAR TERAN−SANCHEZ. (mg) (Entered: 04/02/2026) |
| 03/31/2026 | 42 | MOTION for Order by CESAR TERAN−SANCHEZ. (See docket entry 41 to view document) (mg) (Entered: 04/02/2026) |
| 04/17/2026 | 43 | MOTION for Protective Order, MOTION to Vacate 38 Status Report by CESAR TERAN−SANCHEZ. (mg) (Entered: 04/22/2026) |
| 05/03/2026 | 44 | NOTICE of Harrasment by CESAR TERAN−SANCHEZ (Attachments: # 1 Exhibit)(mg) (Entered: 05/05/2026) |
| 05/26/2026 | 45 | MEMORANDUM OPINION. Defendant's 24 motion to dismiss is granted. See document for details. Signed by Judge Amir H. Ali on 5/26/2026. (lcaha2) (Entered: 05/26/2026) |
| 05/26/2026 | 46 | ORDER. For the reasons stated in the accompanying memorandum opinion, Defendant's 24 motion to dismiss is granted and this action is dismissed without prejudice. The Clerk of Court is directed to close the case. Signed by Judge Amir H. Ali on 5/26/2026. (lcaha2) (Entered: 05/26/2026) |
| 05/26/2026 | | MINUTE ORDER. Plaintiff's 40 motion for hearing, 42 motion for order, and 43 motion for protective order and to vacate status report are denied as moot. Plaintiff's 43 motion asks the court to vacate a status report filed by Plaintiff's previous counsel. The court appointed pro bono counsel to aid Plaintiff for the purpose of mediation, but despite pro bono counsel's attempts, there was an apparent breakdown in the attorney−client relationship. In any event, the motion is mooted by dismissal of this case. Signed by Judge Amir H. Ali on 5/26/2026. (lcaha2) (Entered: 05/26/2026) |
| 06/26/2026 | 47 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: PLAINTIFF'S MOTION for Order. Reason(s): Case is closed. (Attachments: # 1 Exhibit) (mg) (Entered: 06/30/2026) |
| 06/26/2026 | 48 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 45 Memorandum & Opinion, 46 Order on Motion to Dismiss, by CESAR TERAN−SANCHEZ. Fee Status: No Fee Paid. (mg) (Entered: 06/30/2026) |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CESAR TERAN SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>STREAM REALTY PARTNERS, LP,<br><br>Defendant. | Case No. 1:23-cv-03189<br>Judge Amir H. Ali |

## NOTICE OF APPEAL AND PROTECTIVE REQUEST TO EXTEND OR REOPEN TIME TO APPEAL IF NECESSARY

Notice is hereby given that Plaintiff Cesar Teran Sanchez, proceeding pro se, appeals to the United States Court of Appeals for the District of Columbia Circuit from the Court's May 26, 2026 Memorandum Opinion and Order dismissing this action without prejudice and directing the Clerk of Court to close the case.

The docket entries appealed from are:

1. Dkt. 45 - Memorandum Opinion entered May 26, 2026; and
2. Dkt. 46 - Order entered May 26, 2026, granting Defendant Stream Realty Partners, LP's motion to dismiss and directing the Clerk of Court to close the case.

Plaintiff files this Notice of Appeal to preserve his appellate rights and to make clear that he appeals the dismissal of this action. Plaintiff intends this filing to be accepted and processed first as a Notice of Appeal from Dkt. 45 and Dkt. 46.

**Statement Regarding Non-Receipt and Records Requested**

Plaintiff states that he has not received the Court's May 26, 2026 Memorandum Opinion, Dkt. 45, or the accompanying Order, Dkt. 46, by mail or electronic delivery. Plaintiff discovered the dismissal only after later attempting to verify the docket through public docket access, records requests, and review of available docket information.

Plaintiff has requested copies of the relevant docket entries and seeks the Court's assistance in obtaining the May 26, 2026 Memorandum Opinion, the May 26, 2026 Order, the complete docket sheet, and any mailing or service records showing whether Dkt. 45 and Dkt. 46 were mailed to Plaintiff and to what address.

**Protective Alternative Request**

To the extent the Court determines that this Notice of Appeal requires additional relief because of delayed notice, non-receipt of the Memorandum Opinion and Order, mail-delivery issues, docket-access discrepancies, or documented access barriers, Plaintiff respectfully requests that

RECEIVED

JUNE 26 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

9

the Court construe this filing as a protective motion to extend or reopen the time to appeal as permitted by Federal Rule of Appellate Procedure 4(a)(5), Federal Rule of Appellate Procedure 4(a)(6), and 28 U.S.C. section 2107(c).

Plaintiff requests that any appeal deadline be extended or reopened, if permitted, so that Plaintiff may proceed with the appeal after receiving the May 26, 2026 Memorandum Opinion, the May 26, 2026 Order, the complete docket sheet, and the available mailing or service records necessary to verify notice and understand the dismissal.

This protective request does not replace the Notice of Appeal. Plaintiff's primary request is that this filing be accepted and processed as a Notice of Appeal from Dkt. 45 and Dkt. 46. The protective request is included only to preserve relief if the Court determines that extension or reopening is necessary due to Plaintiff's non-receipt of the dismissal documents and delayed ability to verify the docket.

Respectfully submitted,

Date: June 25, 2026

_____

Cesar Teran Sanchez
Plaintiff Pro Se
1007 W. 1st St., Apt. F128
Tempe, AZ 85281
freedom4all2024@icloud.com

# CERTIFICATE OF SERVICE

I certify that on June 25, 2026, I served a copy of this Notice of Appeal and Protective Request to Extend or Reopen Time to Appeal If Necessary on counsel of record for Defendant Stream Realty Partners, LP.

Method of service:

[x] Email
[ ] U.S. Mail
[x] Court filing system / electronic notice
[ ] Other: DCD-Intake@DCD.uscourts.gov

Counsel served:

Counsel of record for Stream Realty Partners, LP
Jackson Lewis P.C.

_____

Cesar Teran Sanchez
Plaintiff Pro Se
Date: June 25, 2026

Page 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| CESAR TERAN-SANCHEZ, <br><br> *Plaintiff*, <br><br> v. <br><br> STREAM REALTY PARTNERS, <br><br> *Defendant*. |

Civil Action No. 23-03189 (AHA)

## Order

For the reasons stated in the accompanying memorandum opinion, Defendant's motion to dismiss, ECF No. 24, is granted and this action is dismissed without prejudice. The Clerk of Court is directed to close the case.

_____
AMIR H. ALI
United States District Judge

Date:   May 26, 2026

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CESAR TERAN-SANCHEZ,

*Plaintiff*,

v.

STREAM REALTY PARTNERS,

*Defendant*.

Civil Action No. 23-03189 (AHA)

**Memorandum Opinion**

Cesar Teran-Sanchez sues his former employer, Stream Realty Partners, and appears to assert claims of race and sexual orientation discrimination, hostile work environment, retaliation, and breach of confidentiality. Teran-Sanchez asks for damages and reinstatement. Stream Realty moves to dismiss the amended complaint, arguing the claims are untimely and that Teran-Sanchez fails to state a claim. For the reasons below, the court grants the motion.

**I.      Background[1]**

Teran-Sanchez worked at Stream Realty from December 2018 until October 2022. ECF No. 22 at 9. The amended complaint appears to focus on two incidents at the company. First, in February 2022, Teran-Sanchez asked a human resources manager about the company's policy on payouts for vacation days upon resignation, and the manager forwarded the question to a company director, who then asked Teran-Sanchez about his career plans. *See id.* at 10, 15. Second, in April 2022, Teran-Sanchez expressed interest in relocating from Dallas to Chicago, but was convinced

---

[1]   As required at this stage, the court accepts the amended complaint's well-pled factual allegations as true and draws all reasonable inferences in Teran-Sanchez's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

to transfer to Washington, D.C. instead, partly due to promises of financial assistance for the relocation. *Id.* at 9–11. Teran-Sanchez signed an official transfer agreement, which scheduled him to start in D.C. in May 2022. *Id.* at 11. He traveled to D.C. around that time but never received any reimbursements for travel or temporary housing. *Id*. Teran-Sanchez also alleges he was excluded from work events, that he was not provided the necessary resources for his job, and that when he raised concerns, he was ignored. *Id.* at 6, 16–18.

Teran-Sanchez sued Stream Realty, asserting race and sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. ECF No. 1. Stream Realty moved to dismiss the complaint, and the court dismissed the complaint without prejudice. ECF No. 12.[2] Teran-Sanchez amended his complaint, reasserting his discrimination and retaliation claims, and adding claims for hostile work environment and breach of confidentiality. ECF No. 22. Stream Realty moves to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 24.

## II.   Discussion

The court concludes the amended complaint fails to plausibly allege any claim. To survive dismissal for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court "must take all the factual allegations in

---

[2]   This case was initially assigned to the Honorable Dabney L. Friedrich, who granted Stream Realty's motion to dismiss, and was reassigned to the Honorable Amir H. Ali on November 27, 2024.

the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The amended complaint does not plausibly allege claims of discrimination, hostile work environment, or retaliation under Title VII. To state a claim of discrimination under Title VII, a plaintiff must plausibly allege he suffered an adverse employment action because of a protected trait. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Although Teran-Sanchez describes general workplace difficulties like an uncompensated location transfer, being excluded from work events, not being provided necessary resources, and having his concerns ignored, he does not allege facts suggesting that these actions were taken because of his protected traits, namely his race or sexual orientation. *See* ECF No. 22 at 9–11, 16–18. At most, he alleges that one co-worker made "[r]acial & homophobic remarks," but this single, vague allegation is insufficient to support a reasonable inference of discrimination. *Id.* at 6; *see King v. Pierce Assocs., Inc.*, 601 F. Supp. 2d 245, 249 (D.D.C. 2009) ("[S]parse and vague allegations are insufficient to state a

3

claim for discrimination under Title VII."). Similarly, because he does not allege his workplace difficulties were due to his protected traits and does not allege "discriminatory intimidation, ridicule, and insult" that is "severe or pervasive," Teran-Sanchez does not state a hostile work environment claim. *Baloch*, 550 F.3d at 1201 (citation omitted); *see also King*, 601 F. Supp. 2d at 248 (concluding that a single instance of discrimination does not state a claim of hostile work environment). Additionally, the amended complaint does not allege any of the elements of a retaliation claim, which requires that the plaintiff "opposed a practice made unlawful by Title VII," and suffered a "materially adverse action" as a result. *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). Thus, the amended complaint does not plausibly allege any claim under Title VII.[3]

Teran-Sanchez's "breach of confidentiality" claim must also be dismissed. According to Teran-Sanchez, Stream Realty's human resources manager breached a duty of confidentiality by revealing that Teran-Sanchez had asked about the company's vacation payout policy. ECF No. 22 at 10, 12. But Teran-Sanchez does not identify any legal duty of confidentiality in that context, and he does not identify a cause of action for breach of such a duty.[4]

---

[3]    To the extent Teran-Sanchez asserts his claims under 42 U.S.C. § 1981 or the D.C. Human Rights Act, he fails to state a claim for the same reasons. *See Ruifang Hu v. K4 Solutions, Inc.*, No. 18-cv-1240, 2020 WL 1189297, at *5 (D.D.C. Mar. 12, 2020) ("Title VII, DCHRA, and § 1981 discrimination and retaliation claims are analyzed under the same legal standard.").

[4]    It is not clear whether Teran-Sanchez also asserts a promissory estoppel claim, but, if he does, the court must dismiss it too. Teran-Sanchez alleges that Stream Realty broke a promise to provide relocation assistance for his transfer to D.C., but also that he signed an "official transfer agreement on April 19, 2022." ECF No. 22 at 11. The existence of an express contract generally forecloses a theory of promissory estoppel. *See Plesha v. Ferguson*, 725 F. Supp. 2d 106, 112 (D.D.C. 2010) (recognizing that because promissory estoppel assumes "an express, enforceable contract is absent, District of Columbia courts generally prohibit litigants from asserting these claims when there is an express contract that governs the parties' conduct" (citing *Vila v. Inter-Am. Inv., Corp.*, 570 F.3d 274, 279 (D.C. Cir. 2009))).

4

**III.     Conclusion**

For these reasons, the court grants the motion to dismiss and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   May 26, 2026

---

Although the amended complaint mentions the Texas Labor Code, Teran-Sanchez does not assert any basis for relief under it.

5